UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KERPER YENGLEE,                    :
                                   :
              Petitioner           :
                                   :    CIVIL NO. 1:CV-07-0031
         vs.                       :
                                   :    (Judge Caldwell)
DAVID DIGUGLIELMO, *ET AL.*,       :
                                   :
              Respondents.         :


*M E M O R A N D U M*

I.    *Introduction*

        Petitioner Kerper Yenglee, an inmate at SCI -

Graterford, has filed a petition for a writ of habeas corpus (doc.

1) pursuant to 28 U.S.C. § 2254.[1]  Yenglee's petition contends

that Pennsylvania courts erred in denying his ineffective

assistance of counsel claims, he was denied due process when he

was sentenced to life in prison and the trial court lacked subject

matter jurisdiction over his criminal trial. (doc. 1 and 12)

After a careful review of Yenglee's claims, we will dismiss his

petition.

_____

        [1]  This petition was transferred from the Eastern District of
Pennsylvania.

*II.   Background*

Yenglee was charged with criminal homicide, 18 Pa.C.S.A. § 2501(a), after fatally shooting a man on the streets of Wilkes-Barre, Pennsylvania.[2]   In March 2002, he was convicted of first-degree murder and sentenced to life imprisonment.   He appealed his conviction to the Pennsylvania Superior Court claiming his Fourteenth Amendment rights were violated when the Commonwealth failed to allege every element of first-degree murder in the criminal information.   He also raise an ineffective assistance of counsel claim.   The Superior Court affirmed his conviction concluding he had waived his claim by failing to raise it before the trial court.   The court also dismissed his ineffective assistance of trial counsel claim without prejudice enabling Yenglee to seek collateral review.

In February 2004, Yenglee filed a petition for post-conviction relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   The PCRA court appointed counsel and Yenglee filed an amended petition.   The Court of Common Pleas for Luzerne County denied the claim.   On appeal, Yenglee claimed he recieved ineffective assistance of counsel and that the PCRA court erred by ignoring the holdings of

---

[2]   We look to the opinions of the Pennsylvania Superior Court for the relevant factual background.   (doc. 10).

2

*Jones v. United States*, 526 U.S. 227, 116 S.Ct. 1215 (1999) and
*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000).  The
Superior Court affirmed, concluding that *Jones* and *Apprendi* were
neither violated nor implicated.  Additionally, the Superior Court
concluded Yenglee's counsel "can not be found ineffective for
failing to raise this meritless claim."  (doc. 10, ex. 3 at 5).
The Pennsylvania Supreme Court denied allowance of appeal.

In March 2006, Petitioner filed a second PCRA petition
which the trial court denied.  On appeal, Yenglee claimed the PCRA
court erred in denying his ineffective assistance of counsel
claim.  The Superior Court affirmed, concluding his PCRA petition
was untimely.  Yenglee then filed a petition for a writ of habeas
corpus.


*III.  Discussion*

    *A.  Standard of Review*

    28 U.S.C. § 2254(a) authorizes a federal court to
consider a petition for a writ of habeas corpus filed by a state
prisoner in custody claiming that his detention violates the
Constitution, laws or treaties of the United States.  A federal
court may not grant the petition unless it determines that the
state court proceedings

3

> (1) resulted in a decision that was contrary
> to, or involved an unreasonable application
> of, clearly established Federal law, as
> determined by the Supreme Court of the United
> States; or (2) resulted in a decision that
> was based on an unreasonable determination of
> the facts in light of the evidence presented
> in the State court proceeding.

28 U.S.C. § 2254(d).

A state court judgment is "contrary to" federal law when it is "diametrically different, opposite in character or nature, or mutually opposed" to "clearly established" decisions of the United States Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495 (2000). This may occur if "the state court ignores or misapprehends clear precedent or it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Wilkerson v. Klem*, 412 F.3d 449, 452 (3d Cir. 2005) (quoting *Williams*, 529 U.S. at 406). Alternatively, a state court judgment is an "unreasonable application" of federal law if it chose the correct rule of law based on the facts, but applied the rule in an "objectively unreasonable way." *Id.* "A court that unreasonably extends an established rule to a new context where it should not apply or...unreasonably fails to extend such a rule to a new context

where it should apply" may have unreasonably applied the correct rule of law. *Id*. (citing *Williams*).

The Third Circuit has set forth a two-step process for reviewing a § 2254 petition. First, we identify the applicable Supreme Court precedent. *Outten v. Kearney*, 464 F.3d 401, 413 (3d Cir. 2006). The petitioner must show that Supreme Court precedent requires the opposite result, not merely that his interpretation is more plausible than that of the state court. *Id*. Second, we objectively evaluate whether the state court decision was an unreasonable application of Supreme Court precedent. *Id*. at 414 (citing *Werts v. Vaughn*, 228 F.3d 178 (3d Cir. 2000)). We cannot grant relief simply because "we disagree with the state court's decision or because we would have reached a different result." *Id*. We may only grant relief if "the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id*. (quoting *Hackett v. Price*, 381 F.3d 281, 287 (3d Cir. 2004)).

B. *Due Process Claim*

Yenglee claims he was denied due process when he was sentenced to life imprisonment for first-degree murder. He indicates he was charged with criminal homicide pursuant to 18

5

Pa.C.S.A. § 2501(a), rather than with first-degree murder under 18 Pa.C.S.A. § 2502(a).  He argues he was convicted and sentenced for an offense not included in the criminal information.

In reviewing Yenglee's first PCRA petition, the Superior Court examined his claim under *Jones* and *Apprendi*.  In *Jones*, the United States Supreme Court considered the provisions of the federal carjacking statute, 18 U.S.C. § 2119.  The Court was required to determine if the statute defined three distinct offenses or a single crime with a choice of three different penalties.  *Jones*, 526 U.S. at 229.  The Court held that the statute included three distinct offenses, and therefore, facts that represent the elements of each offense "must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt."  *Id.* at 232.  In *Apprendi*, the criminal information did not refer to New Jersey's hate crime statute that allowed for an extended term of imprisonment if the trial judge found, by a preponderance of the evidence, that the crime was racially motivated.  *Apprendi*, 530 U.S. at 468-69.  The trial judge determined that the defendant violated the hate crime law, and imposed an enhanced sentence.  *Id.* at 470.  In reversing, the Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond

the prescribed statutory maximum must be submitted to a jury, and proved beyond reasonable doubt." *Id.* At 489-90.

The Superior Court determined that *Apprendi* and *Jones* were not violated. The criminal information charged Yenglee with criminal homicide pursuant to 18 Pa.C.S.A. § 2501(a). The court indicated that the criminal homicide statute "includes the offense of murder, and both voluntary and involuntary manslaughter." (doc. 10,   The sentence for a conviction for first-degree murder is death or life imprisonment. 18 Pa.C.S.A. § 1102(a). Since Yenglee was not subject to an enhanced penalty, and he was convicted and sentenced upon facts determined by a jury, the Superior Court held that *Apprendi* and *Jones* were not violated. (doc. 10, ex. 3 at 4).

The Superior Court decision that *Apprendi* and *Jones* were not violated was reasonable. 18 Pa.C.S.A. § 2501(a) provides that "a person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being." Under § 2501(b), criminal homicide can be classified as murder, voluntary or involuntary manslaughter. It is necessary that the defendant receive "formal and specific notice" of the crimes charged against him in order to comply with the mandates of the Pennsylvania and U.S. Constitutions. *Commonwealth v. Jones*, 593 Pa. 295, 304 (Pa. 2007). Petitioner

received notice that he was charged with the crime of criminal homicide under § 2501, which encompasses the crime of first-degree murder.  Commonwealth v. Polimeni, 474 Pa. 430, 440-41 (Pa. 1977)("All grades of unlawful killing...have been made lesser included offenses of the overall crime of criminal homicide.")  As the Superior Court noted, he was convicted and sentenced upon facts that were determined by a jury.  He was sentenced pursuant to Pennsylvania law and the Superior Court recognized that *Apprendi* and *Jones* were not violated.  In their denial, the Superior Court reasonably applied the appropriate Supreme Court precedent.  We will deny petitioners due process claim for habeas relief.

### C.  *Ineffective Assistance of Appellant Counsel*

In *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-prong test for ineffective assistance of counsel claims.  A petitioner must show that counsel's representation fell below an objective standard of reasonableness and that the deficient representation was prejudicial.  *Strickland*, 466 U.S. at 688.[3] For the prejudice prong, the petitioner must show a reasonable

---

[3] The court need not address both prongs if the petitioner has failed to satisfy one of them.  *Strickland*, 466 U.S. at 697.

8

probability that, but for counsel's errors, the outcome of the proceeding would have been different. *Id.* at 694.

In denying Yenglee's claim, the Superior Court used the ineffective assistance of counsel test articulated in *Commonwealth v. Fisher*, 863 A.2d 574. The Third Circuit held that Pennsylvania's ineffective assistance of counsel test is not contrary to *Strickland*. *Jacobs v. Horn*, 395 F.3d 92, 106 n.9 (3d Cir. 2005). Therefore, the legal standard applied by the Pennsylvania Superior Court to Yenglee's PCRA petition was not contrary to Supreme Court precedent.

The Superior Court's decision was not an unreasonable application of Supreme Court precedent. Yenglee asserts that his counsel was ineffective for failing to raise his due process claim. As noted above, he was convicted and sentenced on facts determined by a jury, meeting the standards of *Apprendi* and *Jones*. Since the underlying due process claim was meritless, it was not unreasonable for counsel to fail to raise the issues. The Superior's decision to deny the ineffective assistance of counsel claim was not unreasonable. Thus, we will deny this claim for habeas relief.

9

   D.   *Subject Matter Jurisdiction*

        Petitioner's subject matter jurisdiction claim is
without merit in light of our discussion on his due process claim.
Petitioner was charged in the criminal information with the crime
of criminal homicide which encompassed the crime of first-degree
murder.  The crime occurred in the city of Wilkes-Barre, Luzerne
County, Pennsylvania.  "Controversies arising out of violations of
the Crimes Code are entrusted to the original jurisdiction of the
courts of common pleas for resolution." *Commonwealth v. Bethea*,
574 Pa. 100, 113 (2003); *See* 18 Pa.C.S.A. § 102; *See* 42 Pa.C.S.A.
§ 931.  Subject matter jurisdiction was proper in the Court of
Common Pleas for Luzerne County.  We will deny Yenglee's final
claim for habeas relief.


                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge

Date: November 6, 2008

10

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KERPER YENGLEE,                    :
                                   :
        Petitioner                 :
                                   :    CIVIL NO. 1:CV-07-0031
        vs.                        :
                                   :    (Judge Caldwell)
DAVID DIGUGLIELMO, *ET AL.*,       :
                                   :
        Respondents.               :

*O R D E R*

AND NOW, this 6th day of November, 2008, it is ordered that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1) is denied.  The Clerk of Court shall close this file.

                            /s/William W. Caldwell
                            William W. Caldwell
                            United States District Judge