UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KERPER YENGLEE, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-07-0031 |
| vs. | : | |
| | : | (Judge Caldwell) |
| DAVID DIGUGLIELMO, *ET AL.*, | : | |
| | : | |
| Respondents | : | |

*M E M O R A N D U M*

I.   *Introduction*

In these habeas proceedings under 28 U.S.C. § 2254, the pro se petitioner, Kerper Yenglee, challenged his state-court conviction for first-degree murder for which he was sentenced to life in prison. On November 6, 2008, we denied the petition. *Yenglee v. DiGuglielmo*, 2008 WL 4861909 (M.D. Pa.). The Third Circuit affirmed, and the Supreme Court denied certiorari.

Before the court is Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b), filed on March 21, 2013. The motion is really another 2254 petition, and we will dismiss it for lack of jurisdiction.

II.   *Discussion*

A prisoner may invoke Rule 60(b) in habeas proceedings to challenge "some defect in the integrity of the . . . proceedings," but not "to add a new ground for relief." *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S.Ct. 2641, 2648, 162 L.Ed.2d 480 (2005). If the Rule 60(b) motion is "in substance a habeas corpus application" it shall be treated as a successive habeas petition. *Id.* at 531, 125 S.Ct. at 2647; *see also Blystone v. Horn*, 664

F.3d 397, 412 (3d Cir. 2011).  In such cases, the district court does not have jurisdiction to entertain the motion unless the petitioner is authorized by the appropriate court of appeals to file a successive petition.  *See Burton v. Stewart*, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007); *see also Parham v. Klem*, 496 F. App'x 181, 184 (3d Cir. 2012)(nonprecedential).

In his 2254 petition, Yenglee asserted three claims: (1) due process was violated when he was given a life sentence for an offense not charged in the criminal information; (2) trial counsel was ineffective in failing to raise the due-process claim; and (3) the trial court lacked subject-matter jurisdiction over the criminal trial.  (Doc. 1-2, Pet.).  The Rule 60(b) motion seeks to raise a new claim, that trial counsel was ineffective in not properly advising him on a plea offer of seven and one-half years in return for a plea of guilty to third-degree murder.  Petitioner claims he is entitled to relief in light of *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), both cases dealing with ineffectiveness of counsel relating to plea offers.

It is apparent that Yenglee is not challenging the manner in which the judgment on his original petition was obtained, but is simply presenting a new claim for relief.  Accordingly, this court lacks jurisdiction to consider Yenglee's motion, as it is really a second 2254 petition, which we cannot consider unless the Third Circuit has authorized us to do so.  *See* 28 U.S.C. § 2244(b)(2) and (3).  The motion will therefore be dismissed.

Petitioner may seek permission of the Third Circuit to file another 2254 petition.

    We will issue an appropriate order.

                                      /s/ William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge

Date: February 24, 2014